JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eric Stevens

**DEFENDANTS**
Dannel Malloy, Chase Rogers, Tiffany Kahlily, Mary Bergamini, Shahram Rabbani, Diana Rabbani, Edward Kahlily and Scott Segar

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Norman A. Pattis, The Pattis Law Firm, LLC
383 Orange Street, New Haven, Ct 06511
203-393-3017

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| (Excludes Veterans) | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Injury | ☐ 385 Property Damage | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **IMMIGRATION** | | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 465 Other Immigration Actions | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C. 42; Section 1983
Brief description of cause:
denial of equal protection of the law under the Fourth and Fourteenth Amendments

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
06/17/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIC STEVENS                               :
    Plaintiff,                         :
                         :
v.                                         :
                         :    Civil Action No. _____
                         :
DANNEL MALLOY; CHASE ROGERS;               :
TIFFANY KAHLILY; MARY BERGAMINI;           :
SHAHRAM RABBANI; DIANA RABBANI;            :
EDWARD KAHLILY; SCOTT SEGAR,               :
    Defendants.                        :    June 17, 2015

## COMPLAINT

### *Nature of the Action*

1.      The plaintiff, Eric Stevens, brings the action to redress the systematic and unjustified destruction of his relationship with his minor daughter incident to high-conflict divorce in which what passes for justice went to the highest bidder – a woman who, although stands accused by the State of Connecticut with hiring a hit man to kill the plaintiff, has nonetheless been given full custody of the couple's minor daughter, with the plaintiff-father unable to spend any time whatsoever with his child. The plaintiff's efforts to turn to the Courts of the State of Connecticut have met with indifference, as motion after motion that the plaintiff has filed has been ignored by the Court, while motions filed by counsel for his ex-wife are heard.

2.      The plaintiff brings claims alleging a denial of equal protection of the law under the Fourth and Fourteenth Amendments to the United States Constitution, denial of rights of familial association under the First Amendment to the United States Constitution, denial of his fundamental right to parent his child as guaranteed by the

Ninth Amendment to the United States Constitution, and denial of his right to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution. He also brings claims against non-state actors seeking money damages under the law of the State of Connecticut on claims of intentional infliction of emotional distress, defamation, conversion and prima facie tort.

### *Jurisdiction*

3.      This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331; 28 U.S.C. §1343(a)(3), (4) and 42 U.S.C. §§ 1983, 1988.

### *Parties*

4.      The plaintiff, Eric Stevens, was at all times relevant to this action an adult resident of the State of Connecticut having resided in both the Town of Simsbury and the Town of West Hartford.

5.      Defendant Dannel P. Malloy is governor of the State of Connecticut, and, as such, he is chief executive officer of the Executive Branch of the government of the State of Connecticut. He is sued in his individual capacity for acts and omissions arising under color of law.

6.      Defendant Chase T. Rogers is chief justice of the State of Connecticut Supreme Court, and, as such, she is the chief executive officer of the Judicial Branch of the government of the State of Connecticut.

7.      Defendant Tiffany Kahlily is the ex-wife of Mr. Stevens, and the mother of the couple's minor child, Jane Doe, born in 2005. At the times relevant to this action Defendant resided in Connecticut, has since relocated to New York State.

2

8.         Defendant Attorney Mary Bergamini was the court-appointed Guardian ad Litem for Mr. Stevens and Ms. Kahlily's minor child during the pendency of the couple's dissolution of marriage litigation.

9.         Defendant Shahram Rabbani is the step-father of Defendant Tiffany Kahlily and current husband of Defendant Diana Rabbani. At all times relevant to this action Defendant Shahram Rabbani resided in New York State.

10.        Defendant Diana Rabbani is the mother of Defendant Tiffany Kahlily and wife of Defendant Shahram Rabbani. At all times relevant to this action Defendant Diana Rabbani resided in New York State.

11.        Defendant Edward Kahlily is the father of Defendant Tiffany Kahlily. At all times relevant to this action Defendant Edward Kahlily resided in New York State.

12.        Defendant Scott Segar was at all times relevant to this action a police officer employed by the Town of Simsbury acting within the course and scope of his duties, and under color of law. He is sued in his individual capacity only.

### *Claims Against Defendant Bergamini*

13.        On May 21, 2009 the plaintiff filed for divorce against his wife in the Judicial District of Hartford at Hartford, in a case bearing docket number HHD-FA09-4044372-S (hereinafter  the "Family Case").  In his complaint, he cited his then wife's infidelity and extensive drug use as grounds for the divorce.

14.        Upon learning that the plaintiff had filed for divorce against Tiffany Khalily, defendants Shahram and Diana Rabbani, and Edward Khalily, made an agreement that they would spare no expense to assure that the divorce ended on terms favorable to Tiffany Khalily.

3

15.      On March 30, 2010 Defendant Bergamini was appointed as Guardian ad Litem ("GAL") in the Family Case to assist the court in resolving custody and visitation of the minor child.

16.      Defendant Bergamini's conduct as a GAL was fraught with issues including fraud, abuse of process and the intentional affliction of emotional distress. Defendant Bergamini consistently supported Defendant Tiffany Kahlily's interests at the expense of the best interests of the minor child. The plaintiff moved to have the GAL removed on two separate occasions. The court held that the plaintiff lacked standing to move to have the GAL removed.

17.      The plaintiff subsequently brought suit against Defendant Bergamini in Connecticut Superior Court in the Judicial District of Hartford, in a case bearing docket number HHD-CV14-6053147-S. That action alleged, in a three-count complaint, gross negligence, fraud and unjust enrichment. The case was not decided upon the merits, and was dismissed on December 8, 2014.  He reinstitutes that action herein as it failed "as a matter of form," within the meaning of the Connecticut accidental failure of suit statute, at Connecticut General Statutes Section 52-592(a).

18.      Upon information and belief, defendant Bergamini cultivated a close relationship with Tiffany Khalily, Edward Khalily, and Shahram and Diana Rabbani, receiving financial consideration for her assistance in assuring that the plaintiff lost any meaningful relationship with his daughter.

19.      Defendant Bergamini engaged in abuse of process, fraud or intentional misrepresentation and intentionally inflicted extreme emotional distress against the plaintiff through multiple acts and omissions, including but not limited to the following:

4

a.      On February 16, 2011, Defendant Bergamini misrepresented to the court, and to others outside the courtroom, during a hearing on visitation, that the plaintiff was boasting to her and other people about how much money he made and that the plaintiff had purchased a brand new Harley Davidson and custom helmet. Upon information and belief, Defendant Bergamini knew that the plaintiff's financial situation was not how she described it to the court.

b.      On February 16, 2011 and March 2, 2011, Defendant Bergamini misrepresented to the court, and to others outside the courtroom, that a court appointed evaluator had concerns about the plaintiff and efficacy of the plaintiff's private therapist. Upon information and belief Defendant Bergamini was aware on February 22, 2011, prior to her testimony, that the court appointed evaluator had actually praised the plaintiff's therapist in an email sent to Defendant Bergamini.

c.      On February 16, 2011, Defendant Bergamini misrepresented to the court, and to others outside the courtroom, details surrounding an alleged accidental meeting she had with defendant Tiffany Kahlily that occurred at the court-appointed evaluator's office. In fact, Defendant Bergamini was not present during the meeting.

d.      In Defendant Bergamini's response to a grievance filed by the plaintiff on February 27, 2014, she misrepresented that the plaintiff was not in agreement with the court-appointed evaluator's

5

recommendation. Upon information and belief Defendant Bergamini was aware that the plaintiff was in agreement with the evaluator and that the evaluator recommended ending supervised visitation and allowing the plaintiff to visit with his daughter unsupervised.

e.     On September 6, 2012, the plaintiff notified Defendant Bergamini that the Connecticut Department of Children and Families (DCF) had substantiated allegations of neglect against Defendant Tiffany Kahlily. At no time did Defendant Bergamini inform the court of the substantiated neglect findings or otherwise act to protect the interests of Jane Doe.

f.     On February 16, 2011, Defendant Bergamini falsely testified in open court, and told others outside the courtroom, that the plaintiff was trying to poison his daughter.

20.     The case was resolved by agreement and a judgment of dissolution of marriage entered after an uncontested hearing on September 6, 2011. Part of the agreement gave full custody of Jane Doe to Tiffany Khalily, although the plaintiff was permitted visitation with Jane Doe.

21.     Once the case went to judgment, the plaintiff and defendant Tiffany Khalily remained embroiled in post-judgment litigation. Attorney Bergamini was not permitted to withdraw from the action until March 14, 2014.

6

**_Claims Against Defendants Tiffany Khalily, Edward Khalily,_**
**_Diana Rabbani and Shahram Rabbani – The "Family Defendants"_**

22.      Despite the judgment, Tiffany Khalily, Shahram and Diana Rabbani, and Edward Khalily were determined to prevent the plaintiff from having a relationship with his daughter. To further that objective, Tiffany Khalily remained in toxic and bitter post-judgment litigation with the plaintiff.

23.      Frustrated with the litigation, and fearful that the plaintiff might succeed in post-judgment proceedings, Tiffany Khalily put a contract out on the life of the plaintiff in April 2012, offering a Simsbury handyman $5,000 to kill the plaintiff. The handyman informed the plaintiff of Tiffany Khalily's offer on July 6, 2012, and the plaintiff complained to the police. Tiffany Khalily was arrested on July 13, 2012, and charged with attempt to commit murder, in violation of Connecticut General Statute Section 53a-54a. She was released incident to her arrest on a $1 million bond.

24.      At her arraignment, Tiffany Khalily was ordered by a Judge of the Superior Court not to have contact with the plaintiff. Despite that order, she continued to contact him in order to threaten and terrorize him by means of telephone and text message.

25.      Tiffany Khalily was tried for the crime of attempt to commit murder in 2014. A jury was unable to reach a verdict, and she awaits a new trial. Upon information and belief, the prosecution is prepared to offer Tiffany Khalily a suspended sentence in exchange for a plea to the charge of inciting injury to a person, a lesser offense.

26.      Despite the serious nature of the charges, and a judicial finding of probable cause to issue a warrant for her arrest on the charges, Tiffany Khalily retained custody of Jane Doe, and, throughout the pendency of the criminal proceedings, has

7

succeeded not just in preventing the plaintiff from having any contact with her daughter, but also in relocating to New York State. She is now attempting to have the post-judgment family proceedings transferred to New York State.

27.     In the 350-plus history of the State of Connecticut, no other person accused of trying to have the father of her child murdered has retained custody of the child, alienated the father from the life of the child, and despite the fact that she has been released on bond, been permitted reside in another state.

28.     Upon information and belief, Tiffany Khalily has enjoyed this dubious success due in large measure to the financial backing of Edward Khalily, the principal owner of an international chemical import and distribution company, WEGO Chemical & Mineral Corp. of Great Neck, N.Y., a firm boasting of sales of $275 million per year worldwide.

29.     Defendants Edward Khalily and Diana Rabbani are seeking custody of Jane Doe on the belief that Tiffany Khalily might be convicted of attempted murder and sentenced to a period of imprisonment.

30.     The plaintiff has not seen his daughter in almost four years, and has not been permitted to speak to her for almost 18 months.

31.     Defendants Tiffany Khalily, Edward Khalily, Diana Rabbani and Shahram Rabbani, hereinafter the "family defendants," each defamed the plaintiff, and intentionally inflicted extreme emotional distress on the plaintiff in an effort to break his will to spend time with, and parent, his daughter. The defendants engaged in a systematic and concerted effort to destroy the plaintiff by making deliberately false and slanderous statement about him to DCF and to the judges and staff of the Superior

Court of the State of Connecticut for the express purpose of driving him out of the family's life and the life of his daughter through multiple acts and omissions, including but not limited to the following:

    a.    Defendant Tiffany Kahlily conspired with and hired a local maintenance man to kill the plaintiff. Upon information and belief, she did this with the consent and/or acquiescence of the other family defendants.

    b.    Defendant Tiffany Kahlily knowingly withheld from the plaintiff certain real property and monies after the divorce judgment that were legally his own, in which Defendant Kahlily had no legitimate rights of possession or ownership. She did so as part of a concerted effort to alienate the plaintiff from the life of his daughter.

    c.    Defendant Shahram Rabbani has engaged in slander and has spread defamatory rumors that the plaintiff was in the habit of sleeping with transvestite prostitutes. Upon information and belief Defendant Shahram Rabbani knew such information to be false. He did so as part of a concerted effort to alienate the plaintiff from the life of his daughter.

    d.    Defendant Diana Rabbani lied to DCF telling the investigating social worker that the plaintiff beat her up physically. She did so as part of a concerted effort to alienate the plaintiff from the life of his daughter.

    e.    Defendant Edward Kahlily has disparaged the plaintiff on numerous occasions as as part of a concerted effort to alienate the plaintiff from the life of his daughter.

32.     The conduct of each of the family defendants is extreme, outrageous, defamatory and outside the bounds of civilized conduct.

### *The State Actors*

33.     Connecticut maintains a public defender system pursuant to Connecticut General Statutes Section 51-289 et seq., overseen by appointees selected by the governor, the Chief Justice of the Supreme Court, and the Speaker of the House, the President Pro Tempore of the Senate and the minority leaders of the House and Senate.

34.     Under the auspices of the state's public defender system, lawyers may be made available to indigent defendants at the trial and appellate levels in criminal cases and indigent parents in delinquency matters pending before the Juvenile Division of the Superior Court. Counsel for indigent persons are appointed for the purpose of protecting fundamental liberty interests in familial association.

35.     The statute makes no provision for the appointment of counsel in indigent family law proceedings, where fundamental interests in familial association are at stake.

36.     The plaintiff exhausted his financial resources in the course of the underlying family litigation with Tiffany Khalily. That litigation is ongoing, and Tiffany Khalily is represented by experienced matrimonial counsel. The plaintiff appears pro se.

37.     Since his family case has gone to judgment and since the plaintiff learned that Tiffany Khalily put a contract on his life, the plaintiff has filed many motions in the family courts, seeking custody of his daughter, visitation with his daughter, findings of contempt against Tiffany Stevens and her counsel, and other relief.

38.     Tiffany Stevens has, through counsel, filed post-judgment motions of her own, seeking, among other things, transfer of the family matter to her forum of choice, New York State.

39.     The Superior Court has failed, refused and neglected to hear or rule upon the motions filed by the plaintiff, but has conducted hearings and ruled upon motions filed by Tiffany Stevens.

40.     The State of Connecticut, in the exercise of its broad parens patriae powers, has asserted continuing jurisdiction over the plaintiff's daughter. Under the facts and circumstances of this case, the plaintiff's inability to see, or otherwise communicate with his daughter, amounts to the state's constructive custody of his daughter.

41.     As a direct and proximate result of the Superior Court's refusing to hear or otherwise act upon the plaintiff's motions, he has been denied effective right to petition for the redress of grievances, denied access to the Courts and denied his right to familial association, all in violation of the First Amendment to the United States Constitution.

42.     Defendant Rogers is aware of the controversial role of finances in family cases as a result of broad public criticism by aggrieved litigants.

43.     Despite this knowledge, Defendant Rogers remains deliberately indifferent to the plight of those, like the plaintiff, who have become indigent fighting for the right to see their children, while overmatched and outspent by adversaries with the financial means effectively to litigate in the Family Courts.

44.     The Judicial Branch has discretionary funds at its disposal from which private counsel for indigent family litigants could be paid.

11

45.      Defendant Malloy is aware of the controversial role of finances in family cases as a result of broad public criticism by aggrieved litigants.

46.      Despite this knowledge, Defendant Malloy remains deliberately indifferent to the plight of those, like the plaintiff, who have become indigent fighting for the right to see their children, while overmatched and outspent by adversaries with the financial means effectively to litigate in the Family Courts.

47.      Upon information and belief, the Executive Branch has discretionary funds at its disposal from which private counsel for indigent family litigants could be paid.

48.      The refusal of either Defendants Malloy or Rogers to make funds available for the retention of counsel for family court litigants seeking to vindicate their fundamental interests in familial association results in a denial of the plaintiff's right to equal protect and to substantive due process.

49.      Defendant Rogers is aware of the fact that family court pro se litigants often file motions that the trial court either refuses to calendar for adjudication or otherwise ignores.

50.      As the Chief Justice of the Supreme Court, she bears the responsibility to assure that judges have training sufficient to assure that they know how to perform their function as judges.

51.      Ignoring motions filed by pro se litigants results in a denial of a meaningful right to be heard and to petition for redress of grievances in violation of the First Amendment to the United States Constitution.

53.     Defendant Rogers is deliberately indifferent in her failure to train judges on their responsibility to adjudicate all motions filed in the Superior Court in a prompt and timely manner, including motions filed by pro se litigants.

54.     The plaintiff complained about Tiffany Khalily's violation of the court order prohibiting her from contacting him to Defendant Segar. Segar failed, refused and neglected to arrest Tiffany Stevens despite having probable cause to believe she had violated a court order. Defendant Segar failed to act for improper motives: to wit, he elected to take sides in the matrimonial dispute and to adopt the banner of Tiffany Stevens. By failing to act, defendant Segar denied the plaintiff equal protection of the law.

### *Damages*

55.     As a direct and proximate result of the acts and omissions herein, the plaintiff has suffered, and will continue to suffer, extreme emotional distress, the loss of any relationship with his daughter, fear for his life and physical safety and the infringement of the constitutional rights herein described.

13

WHEREFORE, the plaintiff seeks damages as follows:

a.  Compensatory damages;

b.  Punitive damages as appropriate under state and federal law;

c.  Declaratory relief in the form of a ruling requiring that Connecticut's failure to provide counsel to indigent family court litigants violates both the First and the Fourteenth Amendments.

d.  Injunctive relief in the form of an order requiring the Chief Justice to create, enforce and monitor a policy requiring family court judges promptly to adjudicate pro se motions.

e.  Attorneys' fees and costs arising under 42 U.S.C. Section 1988, and the various state law claims herein.

f.  Such other relief as this Court deems fair and equitable.

THE PLAINTIFF

BY: _____

Norman A. Pattis, Esq.
Fed. Bar No. ct13120
The Pattis Law Firm, LLC
383 Orange Street, First Floor
New Haven, CT 06511
203.393.3017 tel
203.393.9745 fx
npattis@pattislaw.com

14